IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROLLAND SEAN TOWLES, | ) | |
| #279 634, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-962-MHT |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is confined at the Bullock Correctional Facility located in Union Springs, Alabama. In this 42 U.S.C. § 1983 action, Plaintiff asserts a "slip and fall" claim which occurred on July 19, 2014. Specifically, Plaintiff alleges he slipped as he approached a staircase and fell down the stairs because of water being on the floor and steps. The standing water was due to a leak in the roof. Plaintiff requests that the roof be fixed and that he be awarded damages for a broken toe and injuries to his left elbow, wrist, and hip. Names as defendants are the Alabama Department of Corrections and Bullock County. Upon consideration of the complaint, the court concludes that its dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The Alabama Department of Corrections*

Plaintiff names the Alabama Department of Corrections as a defendant. This agency, however, is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Alabama Department of Corrections are due to be dismissed.

*B. Bullock County*

Plaintiff names Bullock County as a defendant. Section 1983 imposes liability on a municipality, such as Bullock County, only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Governmental entities, such as Bullock County, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. *Id.* at 694; *Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." (emphasis in original)). Here, other than naming Bullock County as a defendant, Plaintiff asserts no basis for relief against this entity. Consequently, Plaintiff's claims against Bullock County are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

*C. Slip and Fall Claim*

Liberally construing the allegations in the complaint, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the court understands Plaintiff to bring this § 1983 action under the Eighth Amendment claiming prison officials exhibited deliberate indifference to the unsafe condition caused by the standing water on the floor and steps near Bullock Correctional Facility's mental health observation unit. Plaintiff indicates three correctional officials and a nurse observed him fall. *Doc. No. 1*.

Even had Plaintiff named a proper defendant to his complaint, a prison official's mere knowledge of a possible slip and fall hazard does not itself establish a constitutional violation. To state an Eighth Amendment deliberate indifference claim based on a slip and fall, Plaintiff must indicate prison personnel "had '(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] . . . that risk; (3) by conduct that is more than mere negligence.'" *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). In this case, Plaintiff's claims, at best, show only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. "[T]he protections of the Constitution . . . are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (holding that a violation of the Eighth Amendment "must involve "more than ordinary lack of due care for the prisoner's . . . safety"); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (accumulation

of water on the floor shows, at most, that jail officials were negligent); *Beasley v. Anderson*, 67 F. App'x 42 (5th Cir. 2003) (claim that prisoner slipped and fell shower floor sounded in negligence).

Courts have generally concluded that "standing water" and "slippery floors" are not sufficiently serious conditions to warrant constitutional protection. *See Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (holding that inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air-conditioning unit made the floor wet was "a garden-variety negligence claim . . . ot actionable under section 1983"); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (finding that standing water in a prison shower did not pose substantial risk of serious harm even where the inmate was on crutches and had warned prison employees he was at heightened risk of falling); *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 F. App'x 438, 439 (5th Cir. 2008) (upholding dismissal of slip and fall complaint as frivolous and for failure to state a claim); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216-17 (N.D.W. Va. 1983) ("A 'slip and fall,' without more, does not amount to cruel and unusual punishment . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles."). The conditions described by Plaintiff in this matter do not suggest a different outcome. Because Plaintiff's claims provide no basis for relief in this 42 U.S.C. § 1983 action, his complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 10, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); see *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of September, 2014.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE